UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> DOES 1-30 <br><br> DEFENDANTS. | C.A. NO.: 1:12-CV-10759 |

### DEFENDANT DOE 14'S MOTION FOR IMPOUNDMENT ORDER OR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, REQUEST TO PROCEED ANONYMOUSLY

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7.2, Defendant Doe 14 ("Doe 14") hereby brings this motion seeking a protective order or impoundment order to protect all documents containing his name and contact information from being made public. In the alternative, Doe 14 requests to proceed anonymously in this action, until such time as the plaintiff engages in reasonable settlement discussions with him.

### Procedural and Factual Background

Plaintiff Patrick Collins, Inc., alleges various claims against Does 1-30 for downloading and/or uploading an allegedly copyrighted adult film without permission.

On June 21, 2012, the court allowed the Plaintiff's Ex-Parte Motion for Early Discovery. The court's order required the plaintiff to attach a Court Directed Notice Regarding Issuance of Subpoena ("Notice"). The Notice provides, in relevant part,

> The movie studio may be willing to discuss the possible settlement of its claims against you. **The parties may be able to reach a settlement agreement without your name appearing on the public record.** You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who

seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representative at (413) 268-6500, by fax at (413) 268-6500, or by email at contact@marvincable.com.

(Emphasis added). As directed by the Order, Comcast forwarded to Defendant Doe 14 a letter dated July 3, 2012, enclosing a copy of the Court's Order and the Notice. A true copy of the notice is attached to the affidavit of Sean T. Carnathan as Exhibit 1.

Upon receiving the Notice, Doe 14 called plaintiff's counsel and requested a copy of the complaint via e-mail. On July 17, 2012, "Craig Day, J.D." from plaintiff's counsel's office, sent an e-mail to Doe 14, attaching a copy of the complaint, but otherwise conveying no information in the body of the e-mail. Carnathan Affidavit, Exhibit 2.

That same day, Defendant Doe 14 sent an e-mail to "Craig Day, J.D.," denying liability for the alleged infringement, inquiring about possible settlement and requesting that the plaintiff make a demand. Id.[1]

On July 27, 2012, the undersigned counsel again inquired about possible settlement and forwarded Doe 14's July 17 e-mail to "contact@marvincable.com," the address listed on the Notice. (See Exhibit B). To date, plaintiff's counsel has not responded to either inquiry.

John Doe 14 is an attorney of over 30-years' experience and is the general counsel of a financial services company. Although his name is on the Comcast account at issue, he did not download any pornographic film through BitTorrent (and would have no idea how to do so even

---

[1] The Plaintiff's complaint seeks injunctive relief and actual damages and profits, or statutory damages pursuant to 17 U.S.C. § 504. The complaint states that the retail price of the motion picture at issue is **$12.94**. General statutory damages under 17 U.S.C. § 504(c)(1) for all infringements involved in the action can range, as the court deems appropriate, between $750 to $30,000. If, however, the defendant can prove that he or she "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). Although Doe 14 did not download the movie as alleged in Plaintiff's Complaint, given the small figures at issue, Doe is willing to make a reasonable settlement offer now to avoid precisely the public embarrassment that Plaintiff intends to cause him.

if he wanted to). For obvious reasons, however, he would prefer not to have his name publicly associated with this matter.

## Argument

### A. The Plaintiff's Conduct in This Case and Similar Cases is in Bad Faith and The Court Should Not Permit Plaintiff to Publicly Embarrass John Doe 14.

Plaintiff's unwillingness to talk settlement betrays its bad faith. This case is simply another in a long line of similar cases brought by the plaintiff and others like it, which other courts have described as "essentially an extortion scheme." The general idea is to force defendants to pay to avoid having their name associated with the Plaintiff's pornography. Doe 14 did not download Plaintiff's movie. But he is willing pay something to avoid embarrassment. To date, Plaintiff has ignored two overtures to discuss settlement. The only possible explanation is that it believes it can extract more money from Doe 14 by moving closer to the specter of having his name publicly associated with the Plaintiff's movie.

> As the Eastern District of California has described the plaintiff's plan:
>
> These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.

Patrick Collins, Inc. v. John Does 1-10 (slip copy) 2012 WL 2885948 at *1 (E.D.Cal., 2012) (citation omitted); see also Malibu Media, LLC v. Does 1-5 (Slip Copy), 2012 WL 2001968, *1. (S.D.N.Y. 2012) (noting "growing concern for unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.").

3

Because the plaintiffs in these cases target only the owners of the IP addresses, there is always a substantial possibility that the alleged infringement was carried out by someone other than the IP address owner (as is the case here). See Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012) (plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material). We cannot say often enough that Doe 14 did not download the Plaintiff's film.

Shakedown tactics in these cases do not end with the threat of public humiliation. As the Southern District of New York has observed:

> According to some of the defendants, [following the Court's grant of expedited discovery compelling the ISPs to turn over the names associated with 85 IP addresses,] the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation .... This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.

Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012) (citation omitted).

Ironically, here, John Doe 14's settlement overture has been ignored twice. One can only conclude the Plaintiff believes the value of its claim will go up if John Doe 14's name is made public. Plaintiff now knows his name because he corresponded with its counsel directly. Doe 14 stands ready to make a nuisance value payment to foreclose any public association between the Plaintiff and himself.

The bad-faith tactical advantage gained by the Plaintiff in refusing to engage in settlement discussions at this juncture is clear: if the Defendant Doe 14's name and address is disclosed by Comcast and becomes a matter of public record, the risk of public embarrassment goes up, along with the plaintiff's settlement demand. See Hard Drive

Productions v. Does 1-48, Slip Copy, 2012 WL 2196038, *2 (N.D.Ill. 2012) (plaintiff's counsel allegedly told defense counsel that if this court denied the motion to quash, "the required payment for settlement would go up.").

**B.  The Court Should Issue a Protective Order Under F.R.C.P. 26(c) or an Impoundment Order Under Local Rule 7.2 to Protect Against Public Disclosure of Defendant Doe 14's Identifying Information.**

For the reasons described above, Defendant Doe 14 requests that the court enter an order to protect his personal information from being made public. Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Similarly, under U.S. District Court (Mass.) Local Rule 7.2, the court may, for good cause shown, issue an order of impoundment in order to prevent certain documents from being included in the public records file. Courts in other jurisdictions have issued or suggested protective orders in similar cases. See Patrick Collins, Inc. v. Does 1-10, 2012 WL 1144980, *9 (D. Md. 2012) (ordering that any pleadings containing defendant's information be filed under seal in bit torrent copyright infringement case); see also Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012); Digital Sin, Inc. v. Does 1-5698, 2011 WL 5362068 (N.D.Cal. 2011) (ordering that defendants' information be treated as confidential after revealed by the ISPs); see also Hard Drive Productions v. Does 1-48, slip copy, 2012 WL 2196038, *6 (N.D.Ill. 2012) (noting that bit torrent copyright infringement case is "particularly appropriate for the issuance of a protective order allowing any information released by the ISPs to be treated as confidential").

Filing any pleadings or discovery documents relating to Doe 14 under a protective order or impoundment order appropriately balances the plaintiff's interest in conducting discovery and Defendant Doe 14's interest in privacy. The plaintiff has shown no compelling need for the public disclosure of Defendant Doe 14's first name, last name, mailing address, or e-mail address. In addition, there is no risk that Doe 14 will attempt to avoid litigating this matter, since he is now represented by counsel, and therefore any correspondence or pleadings must be forwarded to the undersigned. Finally, the protective order or impoundment order can be limited in time, and can be lifted once the plaintiff conducts good faith settlement negotiations with Doe 14.

C.   **In the Alternative, the Court Should Permit Doe 14 to Proceed Anonymously Until the Plaintiff Conducts Good Faith Settlement Negotiations**

In the alternative, due to the potential for public embarrassment, coupled with the plaintiff's refusal to engage in settlement negotiations, the court should allow Doe 14 to proceed anonymously in this action at least until the plaintiff engages in good faith settlement negotiations with Doe 14. "[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Does I Through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000). The circumstances of this case as they relate to Doe 14 warrant this type of measure, at least on a limited basis, where the Plaintiff is ignoring his settlement overtures.

In general, standing alone, [t]he potential embarrassment to [defendants] of being associated with allegations of infringing hard-core pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously." Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp.2d 444, 453 (D. Mass. 2011). In Liberty Media, however, the court based its conclusion partly on the fact that there

6

was no specific allegation that the plaintiff was litigating in bad faith and/or refusing to engage in settlement discussions—in fact, at the time of the court's opinion, 17 of the 38 defendants had presumably settled with the plaintiff. Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp.2d 444, 453, n.7 (D. Mass. 2011). Doe 14's situation is, therefore, entirely different. He has twice asked what the Plaintiff wants to settle this case and been ignored.

As with the requested protective and impoundment orders, Doe 14's request to proceed anonymously is reasonably limited in time (until the plaintiff engages in good faith settlement negotiations), and therefore properly addresses the court's interests in disclosure and proper discovery.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court order that:

1) All pleadings relating to Defendant Doe 14 be filed under seal;

2) The Plaintiff is prohibited from disclosing any information relating to Defendant Doe 14 to the public.

3) In the alternative, Defendant Doe 14 may proceed anonymously until such time as the plaintiff engages in good faith settlement discussions with him.

Respectfully submitted,

Doe 14

By his attorney,

/s/ Sean T. Carnathan, Esq.
Sean T. Carnathan (BBO #636889)
O'CONNOR, CARNATHAN AND MACK LLC
1 Van De Graaff Dr., Suite 104
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 2, 2010.

/s/ Sean T. Carnathan, Esq.